**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Action No. 10-cr-220-DME-10

UNITED STATES OF AMERICA,

      Plaintiff,

v.

10.  VERONICA GRANADOS, also known as Vero,

      Defendant.

**ORDER DENYING MOTION FOR SENTENCE REDUCTION**

This matter comes before the Court on Defendant Veronica Granados's letter to the Court dated December 20, 2011, and docketed as a motion seeking both a sentence reduction under 18 U.S.C. § 3582(c) and a change in her location of imprisonment. (Doc. 717.) For the following reasons, the Court DENIES both aspects of that motion.

**I. Background**

Granados pled guilty to using a telephone, on or about October 30 and 31, 2009, to facilitate a drug-trafficking conspiracy. (Docs. 1 (Count 44), 372-74.) The Court sentenced Granados to twenty-four months in prison and a one-year term of supervised release. (Doc. 614.)

**II. Motion for transfer to another prison**

Granados asserts that she is currently being held by the Bureau of Prisons ("BOP") in the Carswell Medical Center in Fort Worth, Texas. Granados asks the Court

to "reconsider" the place of her incarceration. While the Court sentenced Granados to the BOP's custody, it is the BOP that has the discretion to designate the place of Granados's confinement. See 18 U.S.C. § 3621(a), (b); see also Muniz v. Sabol, 517 F.3d 29, 32 (1st Cir. 2008). This court has no authority to "change the place of imprisonment" designated by the BOP. 18 U.S.C. § 3621(b); see also United States v. Ceballos, --- F.3d ---, 2011 WL 5304111, at *2 (9th Cir. Nov. 7, 2011).

### III. Motion for reduction of sentence

Next, liberally construing Granados's pro se motion, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972), she seeks a reduction in her prison sentence. "Federal courts are forbidden, as a general matter, to 'modify a term of imprisonment once it has been imposed.'" Freeman v. United States, 131 S. Ct. 2685, 2690 (2011) (plurality) (quoting 18 U.S.C. § 3582(c)). But that "rule of finality is subject to a few narrow exceptions." Id.

"Section 3582(c) provides that a 'court may not modify a term of imprisonment once it has been imposed except' in three limited circumstances." United States v. Smartt, 129 F.3d 539, 540-41 (10th Cir. 1997) (quoting 18 U.S.C. § 3582(c)). "First, upon a motion of the Director of the [BOP], a court may reduce the term of imprisonment if it finds special circumstances exist." Id. at 541. "Second, a court may modify a sentence if such modification is 'otherwise permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure.'" Id. (quoting 18 U.S.C. § 3582(c)(1)(B)). Rule 35, in turn, permits modification of a sentence only within fourteen days of the entry of judgment, in order to correct an "arithmetical, technical, or other clear error," or by the Government's motion regarding substantial assistance that the Defendant has

provided to the Government.  See Fed. R. Crim. P. 35(a), (b).  "Finally, [under § 3582(c),] a court may modify a sentence if 'a sentencing range . . . has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(*o*).'"  Smartt, 129 F.3d at 541 (quoting 18 U.S.C. § 3582(c)(2)).  "Unless the basis for resentencing falls within one of the specific categories authorized by section 3582(c), the district court lack[s] jurisdiction to consider [the] request."  Id.

### A. New crack guidelines

Granados seeks a determination as to whether she is "eligible for time off from the new crack law." (Doc. 717 at 1.)  This assertion falls under 18 U.S.C. § 3582(c)(2), which permits a sentencing court to reduce a previously imposed sentence "in the case of a defendant who has been sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(*o*)."  The United States Sentencing Commission, in 2007, did amend the sentencing guidelines to lower the base offense levels for offenses involving crack cocaine.  See Dillon v. United States, 130 S. Ct. 2683, 2688 (2010).  But Granados's advisory guideline range was calculated using the 2010 version of the sentencing guidelines, which incorporated the 2007 crack-cocaine amendments.  Therefore, the guideline range under which Granados was sentenced has not been lowered subsequent to her sentencing.  This Court, therefore, does not have authority (or reason) to reduce Granados's sentence on this basis.  See United States v. Corber, 596 F.3d 763, 765-66, 768 (10th Cir. 2010), cert. denied, 131 S. Ct. 897 (2012); see also

United States v. Christian, 400 F. App'x 330, 330-31 (10th Cir. 2010) (unpublished); United States v. Grayson, 387 F. App'x 888, 890 (10th Cir. 2010) (unpublished).

### B. Other reasons for reducing Granados's sentence

Liberally construing her motion, Granados also seeks a reduced sentence because, when she drove her uncle, Miguel Velasquez, to the store, she was not aware that he was going to conduct a drug transaction there. Granados also asks that her prison sentence be reduced to home detention because she has a seven-year-old son and is pregnant with another child, and because she has been involved in a number of classes during her incarceration. Because none of these reasons fall into the "narrow exceptions" from the general rule that this Court cannot modify a sentence once it is imposed, the Court lacks jurisdiction to consider these reasons for a reduced sentence. See Smartt, 129 F.3d at 541. Even if the Court had jurisdiction to consider these arguments, however, the Court would not be persuaded to reduce Granados's sentence.

### IV. Conclusion

For the foregoing reasons, the Court DENIES Granados's motion seeking a reduction in her sentence and a change in the location of her confinement (Doc. 717).

Dated this __9th__ day of _____February_____, 2012.

BY THE COURT:

*s/ David M. Ebel*
_____
U. S. CIRCUIT COURT JUDGE